CatRon, C. J.
delivered the opinion of the court.
It is insisted, that the appointment of Mr. Martin being void, Judge-Williams paid the money, and executed his note to Mr. Martin through a mistake of the law, and is entitled to relief; and further, as a circumstance, that the regular judge was under something like'duress; for had he failed to certify to the governor, and failed to hold the courts, he would have been probably impeached, *500 and Ms triers being the laiy makers, would in all probability have adjudged in favor of the constitutionality of their own law, convicted him of neglect of duty, and removed him from office.
If this is not placing the claim to relief on the ground that the judges have the right to shrink from their duty through fear of the consequences, it is at least set up as a prominent circumstance, to give controlling might to the mistake of law. This is beside the merits. Judge Williams had received money from the government not his, and held it as trustee for the state — having not performed the services pertaining to his station, he was not entitled to the compensation. That Mr. Martin performed the service required of him by the state, is admitted in the bill, and that the community derived no benefit from it was not his fault; he was entitled to his salary of six dollars per day; and Judge Williams, holding the money for the state, rightfully paid it over to Mr. Martin; and having had a right in conscience, to receive the money, upon the facts, he cannot be deprived of it.
But the money having been paid, and the note executed by Judge Williams voluntarily, with a full knowledge of all the facts, and Mr. Martin having a right in conscience to receive it, although he had not in law, still Judge Williams’ administrators have no right to recover it back, and enjoin the, judgment obtained on the note, because of the naked mistake of the law. 2 Stark. Ev. 112; 6 Yerg. Rep. 484.
I think the decree dismissing the bill should be affirmed.
Green, J. concurred.